**Rosa Yaneth Barrios OROZCO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70051.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008.*

Filed Feb. 13, 2008.

Michael S. Cabrera, Esq., Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

R.App. P. 34(a)(2).

**673**

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

The record doesn't compel a finding of past persecution or a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b). One rock-throwing incident that didn't harm petitioner and phone calls containing vague threats do not amount to persecution, which is "an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir.2004) (en banc). The IJ therefore properly denied petitioner asylum. Consequently, petitioner is also necessarily ineligible for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Petitioner's claim for relief under the Convention Against Torture also fails because a reasonable adjudicator wouldn't be compelled to find it more likely than not that petitioner would be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

### PETITION DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.